# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| POPE, | CASE NO. 1:14 CV 1234 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| CLIFFS NATURAL RESOURCES, INC. et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff, John' Pope's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses and Incentive Payment.  (ECF #34).  Defendants, Cliffs Natural Resources, Gary B. Halverson, Susan M. Cunningham, Barry J. Eldridge, Mark E. Gaumond, Andres R. Gluski, Susan M. Green, Janice K. Henry, James F. Kirsch, Stephen Johnson, Richard K. Riederer, and Timothy W. Sullivan ("Defendants") filed an opposition to this motion. (ECF #39).  Plaintiff filed a Reply brief in support of its request (ECF # 40).  The matter is now fully briefed and ripe for the Court's consideration.

Plaintiff seeks an award of $407,604.38 for attorneys fees, $4,295.56 for expenses, and an incentive payment of $1500.00 for himself, simply for allowing his name to be used as the named plaintiff in this class action suit.   As a general rule, in the United States, attorneys fees are not recoverable as costs; and, the court may not, therefore, allocate them to opposing parties,

absent some specific statutory authority.  This is known as the American Rule.  However, the judiciary has also created some exceptions to this general rule under its equitable powers.  One of the judge-created exceptions to the American Rule is the "common benefit exception," wherein "[a] litigant who creates a 'common fund' or 'substantial benefit' allocable with some exactitude to a definite group of persons may acquire an equitable claim against that group for the costs incurred in creating the fund or benefit."  *Smillie v. Park Chem. Co.*, 710 F.2d 271 (6th Cir. 1983)(citing *Mills v. Elec . Auto-Lite Co.*, 396 U.S. 375 (U.S. 1970).  This exception applies in shareholder cases where the corporation at issue is both the defendant, and the *de facto* beneficiary of the plaintiff's litigation efforts.  *Mills*, 396 U.S. at 391-394.

Attorneys fees may be authorized under the common benefit exception in shareholder cases only if plaintiff's counsel can show that the lawsuit created a "substantial benefit" to the company or its shareholders.  *See Ramey v. Cincinnati Enquirer, Inc*., 508 F.2d 1188, 1197 (6th Cir. 1974).  Cliffs is an Ohio corporation, therefore, the substantive aspects of plaintiff's motion are governed by Ohio law.  *See Wyser-Pratte v. Van Dorn Co.*, 49 F.3d 213 (6th Cir. 1995); *Orbit Gas Co. V. Arnett*, 620 F.2d 304 (6th Cir. 1980).  Under Ohio law, the burden of proving that a substantial benefit was incurred rests with the counsel seeking the fees.  *See, Mlinarcik v. E.E. Wehrung Parking, Inc*., 620 N.E.2d 181, 189 (Ohio Ct. App. 1993).  This is in line with other types of fees cases in Ohio and the Sixth Circuit which place the burden of proving entitlement to reasonable attorneys fees on the moving party.  *See, e.g., Webb v. Cty Bd. Of Educ*., 471 U.S. 234, 242 (1985); *Reed v. Rhodes*, 179 F.3d 453 (6th Cir. 1999).  It also fits with the equitable and discretionary nature of attorney fee awards in general, (*see, e.g., Binta B. V. Gordon*, 710 F.3d 608 (6th Cir. 2013), and the fact that any award in this type of shareholder case is an exception to

the general rule that attorneys fees should not be awarded in the absence of a statutory directive.

The parties agree that under Sixth Circuit case law, a substantial benefit may be incurred, and fees and costs may be assessed, even if the case is not litigated to completion. *See, e.g., Bliss v. Holmes*, 867 F.2d 256, 258 (6th Cir. 1988)(defendant's actions in compliance with Plaintiff's request that mooted the lawsuit did "not render the plaintiffs any less a prevailing party"); *Stewart v. Rhodes*, No. 87-3542, 1988 U.S. App. LEXIS 5697, 5 (6th Cir. 1988)("Mootness does not preclude a finding that [plaintiff] is a prevailing party and thus entitled to attorney's fees."). The parties also agree, that the Defendant's post-filing actions in this case have obviated the issues raised in the litigation and all claims may be dismissed as moot.

The lawsuit in this case sought to force Defendants to approve a slate of six proposed new candidates for Cliff's Board of Directors. If the new candidates are voted in without obtaining the approval of the current board, it could have negative financial consequences for the company. The lawsuit also sought to prevent the distribution of voting solicitations until after the new slate of challengers was approved. The suit was filed on June 6, 2014. The Defendants approved the new slate of candidates on June 19, 2014.

Plaintiff contends that the lawsuit provided substantial benefit to the company and its shareholders because it caused the Defendants to approve the new slate of candidates. It is Plaintiff's alleged belief that if this lawsuit had not been filed, no approval would have been forthcoming. In support of this contention, Plaintiff produces no evidence other than the chronology of events: Plaintiff filed suit, and approximately two weeks later Defendants approved the candidates. He asks the Court to presume causation based solely on this

chronology.

Unfortunately for the Plaintiff, under the circumstances of this case, the simple chronology is incomplete and inadequate to create a presumption that his filing of the instant lawsuit was the cause of the Defendant's decision to approve the slate of new candidates. The Plaintiff leaves out several determinative facts from his simple chronological assessment of causation:

(1) The Defendants had announced on May 29, 2014, prior to the filing of this lawsuit that it would consider whether to approve the slate of new candidates when it was appropriate to do so.

(2) There was a state action, raising identical claims, all of which are based on state law, filed on June 4, 2014, two days before this case was filed.

(3) The final proxy statement officially naming the six new candidates was not filed until, June 12, 2014, almost a week after this lawsuit was filed.  Therefore, at the time the suit was filed there was no final statement of official candidates for the Board to approve.

(4)  The Plaintiffs did not prevail in their requests for preliminary injunctive relief either in this Court or in the state court proceedings.

(5) The Defendants voluntarily approved the candidates on June 19, 2014, within one week of receiving the definitive proxy statement officially identifying the candidates

(6) Although Plaintiff agreed that the cases should proceed in only one forum, it proceeded to spend thousands of dollars drafting an Amended Complaint, adding

4

> a federal claim, so that it could argue that the second-filed case in federal Court should be the determining proceeding, after the state court denied a motion for injunctive relief.

(7) After spending thousands to amend the Complaint to add a federal claim, Plaintiff agrees that the only real issue in the case was the Board's approval of the new candidates and had admitted that the entire case has been mooted by that approval.

(8) Despite his admission that the case is now moot, Plaintiff has not formally stipulated to or moved for dismissal of this action.

Taking the full chronology, and all of the circumstances of this case into account, the Court finds that there is no evidence to suggest that this litigation had any causal effect on Defendant's decision to approve the candidates. Therefore, this litigation did not create a substantial benefit to the company or its shareholders. Absent a causal connection between the filing of this particular lawsuit and the Defendant's decision, there is no reason to find that the Plaintiff conferred a substantial benefit upon the company or its shareholders. Absent a finding of substantial benefit, there is no basis upon which this Court can, or should award fees.

Further, if any shareholder action had spurred the Defendants to approve the candidates, it would have been the first-filed state court action. This litigation was at best duplicative of the state court proceedings. Therefore, rather than creating a substantial benefit to the company and its shareholders, it created an unnecessary drain on company resources, as the company was forced to spend time and money defending two separate actions seeking the same

5

exact relief. Plaintiff's request for fees, a fee multiplier of 2.5%, expenses, and an incentive payment for the named Plaintiff, (ECF # 34), is, therefore, DENIED.

Finally, both parties have represented to the Court through the briefing of this fee request that the Plaintiff has no claim or controversy remaining in this litigation. Plaintiff has admitted that the Defendant's action approving the slate of new candidates moots the action and leaves nothing to be determined. Therefore, by agreement of the parties, this case is hereby DISMISSED.

      /s/ Donald C. Nugent
      DONALD C. NUGENT
      UNITED STATES DISTRICT JUDGE

DATED: October 1, 2014